IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNDA HART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 3:13-cv-0136-L (BF) |
| | § | |
| CAROLYN COLVIN, Commissioner of | § | |
| the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**Background**

On January 11, 2013, Plaintiff Lynda Hart, proceeding *pro se*, filed a form Complaint which the Court interpreted as an appeal of a decision by the Commissioner of Social Security to deny her claim for disability insurance benefits and supplemental security income under the Social Security Act. *See* Plf. Compl. (Doc. 3) at 1. The Court instructed Plaintiff that she must notify the Court in writing of any change of address. *See* Notice and Instruction to *Pro Se* Party (Doc. 2) at 1. The Court also warned Plaintiff that failure to provide written notice of a change of address could result in the dismissal of her case. *Id.* Thereafter, the Court granted Plaintiff leave to proceed *in forma pauperis* and directed the issuance of summons by the Clerk of Court and service of process by the United States Marshal. *See* Order, 2/19/13 (Doc. 10). The Commissioner timely filed an Answer and a certified copy of the administrative record. (Docs. 16 & 18). The Court then entered an Order

directing Plaintiff to file a brief setting forth all the errors which she contends entitle her to relief. Order, 5/1/13 (Doc. 19). The unopened envelope containing this Order was returned to the Clerk marked "Return to Sender." (Doc. 20).

**Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Plaintiff's Complaint states, in its entirety, "unfavorable decision for SSI and Disability." Plf. Compl. at 3. Because of the brevity and ambiguity of this pleading, it is impossible for the Court to determine the basis for Plaintiff's claims. Accordingly, the Court ordered Plaintiff to file a brief setting forth all the errors which she contends entitle her to relief. The Court's Order was mailed to Plaintiff at the address listed in her complaint. Evidently, however, Plaintiff has moved and failed to provide the Court with her new address. The Court has no way to contact or communicate with Plaintiff, and this litigation cannot proceed.

The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff complies with its instructions and updates her address or files the brief necessary to adjudicate her claims. Therefore, this action should be dismissed for failing to prosecute and for failing to comply with Court orders. *Dubose v. Astrue*, No. 08:CV-0188-FBNN, 2008 WL 2954936 (W.D. Tex. Jul. 31, 2008) (Rule 41(b) dismissal of *pro se* plaintiff's social security appeal

appropriate where plaintiff failed to comply with court order to file dispositive motion); *Hardy v.Astrue*, No. 4:10-0234, 2010 WL 4394041 (S.D. Tex. Oct. 29, 2010) (same); *see also Benson v. Astrue*, No. 3:08CV1506-D, 2008 WL 5378179 (N.D. Tex. Dec. 23, 2008) (same where plaintiff failed to file pleadings and comply with court orders to provide other information).

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court DISMISS Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SO RECOMMENDED, October 15, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).